UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TIFFANY BELL, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | 3:09-CV-148-PPS-CAN |
| ANNE W. MURPHY, in her official capacity as Secretary of the Indiana Family and Social Services Administration, and CATHY BOGGS, in her official capacity as the Director of the Division of Family Resources, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Tiffany Bell filed this Section 1983 action on April 7, 2009, on behalf of herself and a putative class of Indiana food stamp applicants, alleging that the State of Indiana and its Family and Social Services Administration had failed to comply with federal statutes and regulations governing the time frames for processing food stamp applications, and seeking preliminary and permanent injunctive relief [DE 1]. On the same date, Bell moved for class certification [DE 5], and a preliminary injunction order requiring Defendants to timely process food stamp applications and issue expedited food stamps, as required by federal law [DE 4]. Judge Miller, to whom the case was originally assigned, later certified the class and sub-class proposed by the parties [DE 40]. As for the motion for preliminary injunctive relief, the parties stipulated to a consent preliminary injunction order [DE 56], which Judge Miller entered [DE 59]. In the meantime, the case was transferred to me.

The consent order had a term of 20 months. [*Id.*, ¶ 13]. During this period, Defendants were required, among other things, to produce certain reports – including the GRP 508RB

reports ("508RB") at issue in the pending motion – that measure the processing time for food stamp applications and the backlog of unprocessed applications [*Id.*, ¶¶ 10 & 15]. Plaintiffs, for their part, were required to notify Defendants in the event they believed Defendants were not in compliance with the consent order [*Id.*, ¶ 16].

Paragraph 13 of the consent order provides that, 15 days before the end of the twentieth month, "the parties may either file an order of dismissal of this action pursuant to Federal Rule of Civil Procedure 41 or a proposed order on consent disposing of the action" [*Id.*, ¶ 13]. If the parties fail to submit an order consistent with Paragraph 13, Paragraph 14 provides that the Court will then "place this action upon the trial calendar as provided by Federal Rule of Civil Procedure 40 and shall require all pre-trial procedures as it sees fit" [*Id.*, ¶ 14].

Defendants timely moved to dismiss the action pursuant to Paragraph 13, but Plaintiffs argue that dismissal is not warranted because the consent order resolves only the relief sought in the motion for preliminary injunctive relief, not the action in its entirety. Plaintiffs also seek discovery of certain factual issues relating to compliance issues, which they believe may lead to a quick resolution of the action. In particular, Plaintiffs indicate that new data reported by the Department of Agriculture, Food and Nutrition Service ("FNS") raise questions as to the reliability of the 508RB reports, which the consent decree requires Defendants to produce. Plaintiffs believe that discovery will indicate the extent of any possible discrepancies between the 508RB reports and the new data reported by FNS, thereby permitting the Plaintiffs to determine how and under what terms to finally dispose of the case.

Defendants' attempt to dismiss the action over Plaintiffs' objection is blocked by the very terms of the consent order on which Defendants rely. Paragraph 13 of the consent order, under which Defendants have moved, contemplates dismissal of the action, but only pursuant to either Rule 41 or "a proposed order on consent" [*Id.*, ¶ 13]. Plaintiffs obviously do not consent to dismissal, which leaves Rule 41 as the only basis upon which the consent order permits dismissal. But because Plaintiffs are not the party moving to dismiss here, Rule 41(a) cannot

form the basis for dismissal here.

Rule 41(b) is the only remaining provision pursuant to which Defendants might seek dismissal without the Plaintiffs' consent. But that route is also unavailable here. Rule 41(b) permits a defendant to move for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). However, Defendants' motion to dismiss does not contend that Plaintiffs have failed to prosecute the case. And during oral argument on the motion [DE 85], Defendants confirmed that they are not claiming that Plaintiffs have failed to prosecute the case. Nor could they make such a claim in good faith. Dismissal for want of prosecution is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Defendants complain that Plaintiffs did not raise their concerns with the reliability of the 508RB reports until after the term of the consent order. And I agree that this is irksome. But the consent order does not clearly require them to do so. Paragraph 16 of the order only requires Plaintiffs to report a compliance issue if they believe "that the defendants are not in compliance with any portion of this order" [DE 59, ¶ 16]. And Plaintiffs have not taken issue with Defendants' compliance in producing the 508RB reports. They merely contend that new data reported by FNS, which Plaintiffs apparently did not discover until toward the end of the consent order's term, may prove more reliable than the 508RB reports required by the order.

If the consent order had required Plaintiffs to timely raise any concerns about the reliability of the 508RB reports during the 20-month term of the order, then perhaps Plaintiffs' delay in raising these concerns could have supplied a basis for moving to dismiss for want of prosecution. But Defendants fail to point to any provision of the consent order that requires this. And I fail to see any such provision.

Moreover, it is clear that the parties did not believe that the consent order was resolving the entire action, but rather only those issues raised by the motion for preliminary injunctive relief. For example, the preamble to the consent order provides that "the parties have agreed to

resolve all the issues presented in the motion for preliminary injunctive relief" [DE 59 at 2]. And Paragraph 14 specifically contemplates that the action will continue to trial if the parties are unable to reach the stipulated dismissal provided for in Paragraph 13:

> Upon the failure of the parties to submit an order consistent with paragraph 13 of this order, this court shall place this action upon the trial calendar as provided by Federal Rule of Civil Procedure 40 and shall require all pre-trial procedures as it sees fit.

[*Id.*, ¶ 14.]

What's more, the consent order's preamble refers to the letter briefs filed by the parties regarding the propriety of the proposed consent order [DE 57 & 58], and these briefs strongly suggest that the parties did not intend for the consent order to resolve the action in its entirety. For example, Defendants' letter brief specifically contemplates entering into a separate consent order for purposes of disposing of the case in its entirety:

> The proposed Stipulated Consent Preliminary Injunction Order provides for a preliminary injunction which will last for eighteen months. . . . At the end of that time, the parties can dismiss the action, *enter into a final Consent Order disposing of the case*, or request that the matter be set for trial.

[DE 57 at 1; emphasis added.]

Likewise, Plaintiffs' letter brief contemplates that the consent order will dispose of the issues raised in the preliminary injunction motion, but not the case as a whole:

> Although the parties were unable to reach a settlement disposing of the case, they were able to reach an agreement with respect to plaintiffs' motion for preliminary injunctive relief and the relief that should be ordered.

[DE 58 at 2.]

In sum, nothing in the language of the consent order appears to warrant dismissal of the case in its entirety under the circumstances presented here. And the parties' letter briefs further support that the parties did not intend that the action would be dismissed in its entirety at the end of the consent order's term, unless dismissal were by consent or for want of prosecution, neither of which is present here.

4

For the foregoing reasons, Defendants' motion to dismiss [DE 79] is **DENIED**. This case is hereby **REFERRED** to Magistrate Judge Christopher A. Nuechterlein to supervise the discovery that Plaintiffs indicate is needed for determining how and under what terms this case should be disposed, and for all other pre-trial matters.

 **SO ORDERED**.

ENTERED: August 31, 2011

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT